MARIA THASSLER, Respondent, v. GERMAN AMERICAN MUTUAL LIFE ASSOCIATION, Appellant.

Kansas City Court of Appeals, November 23, 1896.

1. **Life Insurance:** MISREPRESENTATIONS CONTRIBUTING TO DEATH. Section 5849, Revised Statutes, 1889, renders the defense of false representations by the assured in an application for life insurance of no avail unless it appears that the misrepresentations actually contributed to the death of the deceased.

2. ———: ———: DEPOSIT OF PREMIUMS. Section 5850, Revised Statutes, 1889, precludes a life insurer from making the defense of false representations, unless it deposit in the court for the benefit of the plaintiff all premiums received on the policy.

3. ———: ASSESSMENT PLAN: GENERAL INSURANCE. A policy of life insurance issued to the defendant is examined and *held* not to be on the assessment plan but under the general law, since there are no assessments required and all payments are nothing more than premiums.

4. ———: PROOFS OF LOSS. *Held*, that the proofs of loss presented in this case were without objection as to form or time of presentation, and, if any errors were contained therein, they are disposed of by the fact that the policy was not on the assessment plan.

*Appeal from the Buchanan Circuit Court.*—Hon. H. M. Ramey, Judge.

Affirmed.

*Stauber & Crandall* and *E. S. Huston* for appellant.

(1) The defendant is an assessment insurance company within the meaning of Revised Statutes, Missouri, chapter 89, article 3, and not governed by the general insurance law. *Hanford v. Mass. Benefit,* 122 Mo. 50; *Stiepel v. Ass'n,* 55 Mo. App. 224. (2) The instruction given for plaintiff is wrong, because it places the burden on defendant of proving fraud or misrepresentation when the defense was breach of warranty, and plaintiff was not entitled to recover in this case unless it affirmatively proved performance. "It is like a condition precedent." *Walker v Phoenix Co.,* 62 Mo. App. 224, and cases above cited; *Burtwell v. Emerson,* 64 Mo. App. 669; *Life Ins. Co. v. Johnston,* 80 Ala. 467; *Edgerly v. Farmers Ins.,* 43 Iowa, 587. (3) This instruction is also erroneous as authorizing plaintiff to recover unless the jury found the insurance was obtained by fraud or misrepresentation. The defense was a breach of the warranty and the court ought to have submitted the law governing warranties, which is wholly different from fraud or misrepresentation. *Price v. Phoenix Co.,* 17 Minn. 473; *Miller v. Life Co.,* 31 Iowa, 216; *McDonald v. Railroad,* 32 Mo. App. 70; *Walker v. Phoenix Co.,* 62 Mo. App. 209, 224, and cases cited. (4) The contract sued on required plaintiff to furnish sworn satisfactory proof, not alone of death, but of certain facts. The court erred in holding otherwise, and overruling defendant's demurrer. *Hanna v. Ins. Co.,* 36 Mo. App. 538; *McCullough v.*

*Phoenix Co.*, 113 Mo. 606, 613. (5) Defendant relying upon the truth of the proof furnished, introduced the same, which established the fact that the assured had been treated, just prior to making his application, for rheumatism and dyspepsia; also that he consulted a physician shortly prior to his application, and that he was a year older than represented in his application, any of which avoid the policy and justify the defendant in refusing to pay. *Linz v. Life Ass'n*, 8 Mo. App. 363; *Whitmore v. Knights of Honor*, 100 Mo. 36; *Cobb v. Mut. Ben.*, 153 Mass. 176; *Mut. Aid Society v. O'Hara*, 120 Pa, St. 256. (6) If the sworn proof furnished was true, the policy was and is void. If the sworn proof was false, under the terms of the policy it avoids the policy. *Claflin v. Ins. Co.*, 110 U. S. 81; *Ins. Co. v. Hulman*, 92 Ill. 145; *Campbell v. Ins. Co.*, 10 Allen, 213.

*Casteel & Haynes* for respondent.

(1) We contend that under the evidence in this case, appellant is subject to the general insurance law of this state. Section 5865, article 3, chapter 89, R. S. Mo. 1889. The case of *Stiepel v. Life Ass'n*, 55 Mo. App. 224, is no authority in this case, as the contention here was not in issue. The other case cited, *Hanford v. Mass. Ben. Ass'n*, 122 Mo. 50, is an authority against appellant, and is conclusive of our position. The next contention is that the contract sued on required plaintiff to furnish sworn satisfactory proof of death and certain facts. Respondent admits the truth of that requirement, but insists that the proof should be reasonable—not such as appellant might demand, but such as would satisfy a reasonable person. In this case the full letter and spirit of the requirement was complied with.

ELLISON, J.—This is an action on a life insurance policy issued by defendant to August Thassler, plaintiff being his widow and beneficiary. The judgment below was for plaintiff.

Among other defenses was one of false representations warranted to be true, by the contract of insurance, consisting in a representation that the deceased was a year younger than he really was at the date of his application; and that he had not been under the care of a physician for dyspepsia, or rheumatism, when, in fact, he had been. Conceding that there was evidence tending to support these defenses, it becomes necessary to determine whether the contract of insurance is what is denominated in this state "insurance on the assessment plan," or, is it insurance under our general life insurance law. If under the latter, then any defense based on false representations is of no avail, unless it be made to appear that the misrepresentation actually contributed to the death of deceased. R. S. 1889, sec. 5849. Nothing appeared in this case to show that the misrepresentations charged in any way contributed to the death of deceased. There was no showing that the matter alleged by defendant to be the true condition of deceased's health in any way contributed to his death. Nor was any attempt made to show that the difference in his age in any way accelerated the disease of which he died.

Nor did defendant deposit in court, for the benefit of plaintiff, any premiums received of the deceased. The defendant was, therefore, for this reason, precluded from making the defense of false representations. Sec. 5850, R. S. 1889. And this would have been true, even if it had been able to connect the subject-matter of his misrepresentations with the cause of his death.

·Proceeding, then,to determine whether the contract of insurance is an assessment or a general life policy, it will be seen that the policy provides for an insurance for the stated sum of $500, and that it is termed a "certificate of membership or policy of insurance;" that it provides for the payment of an "admission·fee and the expense dues and mortuary premiums as hereinafter provided for, and subject to the conditions and stipulations hereinafter contained;" which are, that members are required to pay "an expense due annually, in advance, and annual mortuary premium quarterly, in advance," according to a certain table of rates. In these provisions nothing is found authorizing an assessment by an authoritative agency, or board, or in any other manner. The assured is simply to pay a certain annual expense due, and a fixed premium, without provision for the change of either. His liability, or the amount thereof, is not subject to alteration by some future action of the company. The whole of it is no more than a premium paid in the ordinary line of general life insurance companies. There is no element of assessment in these provisions. They provide for a fixed premium, and no future contingency can alter the amount. It was said in *Hanford v. Ins. Co.*, 122 Mo. 60, that calling fixed payments assessments did not make them so, and that though a fixed amount was to be paid bimonthly, did not prevent its being a premium. The policy in question here lacks the essentials which made of that, in the case just cited, an assessment policy.

It is true that this policy provides that the board of directors of the company might waive one or more of the quarterly installments of premium, if the condition of the mortuary and reserve fund would justify it. But this is no more than a provision favorable to the

assured, without in any way characterizing the policy as an assessment policy.

The foregoing disposes of any defense offered by defendant, and we need only further determine whether plaintiff made a case. The facts of the issuance of the policy, the payment of premiums, and the death of the assured were not matters of dispute; though that there had been a proper proof of loss was denied by defendant. We have discovered no objection to the form of the proof, or to the time of its presentation.

Plaintiff proved, without exception being taken, that the proof contained some errors of statement, which, even if excepted to, we believe are substantially disposed of by our conclusion that the policy is not on the assessment plan and not governed by the statute of assessment insurance. So, whether it was properly admitted, or whether the court properly overruled defendant's application for continuance on account of surprise, becomes of no substantial importance.

The result is that we must affirm the judgment. All concur.