HETTIE V. ELLIOTT, Respondent, v. SAFETY FUND LIFE ASSOCIATION, Appellant.

Kansas City Court of Appeals, November 7, 1898.

Life Insurance: ASSESSMENT PLAN: GENERAL INSURANCE: BY-LAWS. To constitute a life insurance association an assessment company under the statute, there must be provision for the collection of liabilities of the company by assessment of the various holders of like contracts. In the absence of such provision the insurance will be general or old line insurance; and the fact that by-laws may provide for assessments will not change the contract unless such by-laws are made a part thereof.

*Appeal from the Howard Circuit Court.*—HON. J. A. HOCKADAY, Judge.

AFFIRMED.

STOCKWELL & LAMB, W. T. RAGLAND and R. B. BRISTOW for defendant.

(1)   The defendant company then being an insurance company authorized by law to do an insurance business on the assessment plan, the only other question arising in the case is, was the contract between Coda M. Elliott and the defendant "a contract of insurance on the assessment plan." R. S. 1889, sec. 6860. (2)   The "Certificate of Membership,"

"Application," and the by-laws of the defendant corporation constitute the contract of insurance. Mulroy v. Knights, 28 Mo. App. 471, 472; Coleman v. Knights, 18 Mo. App. 189; Borgraefe v. Knights, 22 Mo. App. 127, 142; Grand Lodge v. Elsner, 26 Mo. App. 114; Harvey v. Grand Lodge, 50 Mo. App. 477; Scheels v. State Home Lodge, 63 Mo. App. 277; 16 Am. and Eng. Ency. L., p. 40, sec. 7, notes 1 and 2; same, pp. 17 and 18; Walsh v. Ins. Co., 30 Iowa, 145; Hesinger v. Home Ben. Ass'n, 41 Minn. 516; Holland v. Taylor, 9 W. Rep. 606; 111 Ind. 121–125; Farmer v. State, 69 Tex. 561; May on Ins. [2 Ed.], sec. 552; Bliss on Life Ins. [38 Ed.], p. 766, sec. 426; Ang. on Ins., sec. 146; State ex rel. v. Temperance Ben. Soc., 42 Mo. App. 485, 488; Cole v. Iowa St. M. I. C., 18 Iowa, 431; Simrall v. Dubuque, etc., 18 Iowa, 322; 5 Am. and Eng. Ency. of Law [2 Ed.], 104; 3 Am. and Eng. Ency. of Law [2 Ed.], 1081; Miller v. Grand Lodge, 72 Mo. App. 504; Masonic Aid Ass'n v. Waddill, 138 Mo. 628.

CHAS. C. HAMMOND, A. W. JOHNSON, KINLEY, CARSKADON & KINLEY for respondent.

(1) The calling the policy an assessment contract will not make it one; the contract making it on the assessment plan must appear in the policy. Thassler v. Mut. Life Ass'n, 67 Mo. App. 505; Hanford v. Mut. Ben. Soc., 122 Mo. 50. If the policy sued on be a level premium policy, or a contract for a certain amount of insurance for a fixed sum of money, then the suicide of Coda M. Elliott, if she did commit suicide, would be no defense to this action. R. S. 1889, sec. 5855. (2) The contract of insurance only embraces the terms of such contract, the application referred to in the policy and the conditions on the back of the policy, which are extracts from defendant's by-laws, without

referring to said by-laws by name, and as nothing else is referred to in the policy there can be no additions or changes of such contract made by implication. U. M. F. Ins. Co. v. Keyser, 32 N. H. 313, 295; Taylor v. Ins. Co., 13 Gray (Mass.), 434, 438; Kingsley v. Ins. Co., 8 Cush. 303, 403.

ELLISON, J.—This action is based on a policy or certificate of life insurance whereby defendant agreed to pay to plaintiff the sum of $2,000 upon the death of Coda M. Elliott. The judgment in the circuit court was for plaintiff.

There is a provision in the policy whereby nothing should be due to the plaintiff if said Coda should com-
STATEMENT.    mit suicide within three years after the date of the policy. She did commit sui-cide within that time and the question is, can this pro-vision in the policy be invoked by defendant as a defense to the action? The answer to this question depends upon whether the defendant is what is known under our law as an insurance company under the assessment plan, or as a general or old line life insur-ance company. If the latter the defense can not be interposed by reason of the statute, section 5855, Revised Statutes 1889. If the former the statute does not apply and the defense would be good. For, inas-much as the deceased committed suicide within the time limited the policy is noneffective by force of its own terms, unless those terms are nullified by the statute aforesaid. Whether the defendant shall be re-garded as an assessment company, or an old line com-pany will depend upon whether the premium to be paid is a fixed and definite sum, or a sum which may be altered from time to time by changes in the amount as per direction of a supervisory board, or other author-ity which may assess the members of the company

according to the exigencies of the association or company at any time provided for in the contract: Hanford v. Ins. Co., 122 Mo. 50; Thassler v. Ins. Co., 67 Mo. App. 505.

We must therefore look to the terms of the contract in order to determine what character of company defendant is. By the terms of the face of the contract, quarterly payments were to be paid to the company of $7.30 in the months of January, April, July and October, for a period of five years. And by the terms of a provision on the back of the contract and made a part thereof, the assured could by giving sixty days notice continue the terms aforesaid indefinitely. There would seem therefore to be no room for question that if the assured so elected, the policy would continue on the fixed annual premium of $29.20 payable in quarterly payments of $7.30 each. It was such fixed annual premium for the first five years by the express terms of the policy and it continued so at the election of the assured. But by the terms of the policy (if the assured did not elect to continue the payment of the fixed quarterly payment above mentioned) at the end of the first five years, the payments thereafter would be made quarterly, "but will be reduced to the expense element and mortuary requirements, provided, that the total payments made in any one year shall not be less than $14.50, and provided further that in the event that the total payments required in any one year exceed $29, the safety fund shall be used to pay such excess."

Under these somewhat singular provisions, construed together, it must be said that the policy, by its terms, was one of general life insurance.

The provisions just quoted from the policy do not provide for an assessment on persons holding similar contracts as is provided by section 6860, Revised Statutes 1889. The company by the terms of that statute,

is not an assessment company unless there is provision for the collection of the liabilities of the company by assessment of the various holders of like contracts. No such provision is made; nor does it seem to be contemplated so far as is shown by the policy. The payments of premium are limited to a minimum and maximum amount, but is nothing to show here how the precise sum which may be required of the policy holder is to be ascertained. Nor is there anything to show how the whole sums needed for mortuary outlay is to be collected. There is no suggestion of any premium being collected by way of assessment and it therefore does not come within the scope of the statute relating to assessment companies. The contract fixes that the premium shall not be less or more than certain sums, and the mere fact that the exact sum between those is not disclosed, or depends upon unknown contingences, does not make of it insurance on the assessment plan. No such condition of contract is mentioned in the statute in relation to such companies.

It is argued however that the by-laws of the company cover the points which have been suggested above and that they provide for assessments upon all policy holders in such manner as to fix the amount each should pay in order to meet mortuary expense as each death may occur. It is sufficient to say of this that the contract of insurance does not make the by-laws of the company a part of the contract. The policy (as has been stated) provides that certain provisions on the back thereof shall be a part of the contract and these provisions while embodying terms we have set out omit any reference to assessment of members. On the other hand the policy, front and back, is complete in itself and excludes the idea that it is controlled by matters *aliunde*. If the by-laws were to have govern-

*Margin note: LIFE insurance: assessment plan: general insurance: by-laws.*

ing influence on the contract they should have been made a part thereof. Taylor v. Ins. Co., 13 Gray, 334; Kingsley v. Ins. Co., 8 Cush. 393; Davidson v. Ins. Co., 39 Minn. 303.

In our opinion the circuit court correctly interpreted the terms of the policy and the judgment will therefore be affirmed. All concur.