GEORGIA DEANE et al., Respondents, v. SOUTHWEST- | 86   459
ERN MUTUAL LIFE ASSOCIATION, Appellant. | 171s  ¹382

**Kansas City Court of Appeals, December 17, 1900.**

1. **Life Insurance: WARRANTIES: MISREPRESENTATION: STATUTE.** Section 5849, Revised Statutes 1889, uses the term "misrepresentation" so as to include a misrepresentation which is warranted to be true; and an instruction so interpreting the statute is approved.

2. ————: **FRAUD: PLEADING: PRACTICE.** In order to raise the question that misrepresentations in an application for a life policy, were willfully and fraudulently made to induce the insurer to issue the policy, it must be pleaded or presented at the trial and can not be first considered on appeal.

Appeal from the Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

AFFIRMED.

*H. S. Kelley* and *J. L. Carney* for appellant.

(1)   The court erred in giving the declarations of law requiring the jury to find that Mattie Deane, the assured, in her application, made misrepresentations to the defendant, and that the matter so misrepresented actually contributed to her death; thereby placing the defense upon the ground of misrepresentation of some matter that actually contributed to her death, and confining it to that specific statutory defense (Revised Statutes 1899, section 7890) and entirely ignoring the other ground of defense based upon a breach of warranty. (2)

The statute refers to misrepresentations alone when it says that the matters misrepresented must have contributed to the death of the assured, and has no application to a case of warranty, and should not be extended by construction to cases not clearly within its provisions.    There is a manifest difference between a misrepresentation and a warranty.    The misrepresentation, to be available as a defense or as the foundation of an action, must have been made with a fraudulent intent, and it must have worked an injury, and the statute is simply declaratory of the unwritten law.    In the case of a warranty it may or may not be a fraudulent misrepresentation.    A warranty may include a misrepresentation, but it is more and of greater effect—it is an addition to the representation—and a breach of warranty, without regard to the effect of the matter warranted, has always been held to avoid the contract of insurance. School Dist. v. Ins. Co., 61 Mo. App. 597; Walker v. Ins. Co., 62 Mo. App. 209; Aufderkide v. Ins. Co., 66 Mo. App. 285; Aloe v. Life Ass'n, 147 Mo. 561; Zepp v. A. O. U. W., 69 Mo. App. 487.    The law is, that a warranty constitutes a part of the contract, and it is necessary that it shall be literally complied with.    Miller v. Ins. Co., 31 Ia. 216.    The entire contract depends on the truth of the warranty.    May on Ins., p. 661; Maddox v. Ins. Co., 56 Mo. App. 343; Holloway v. Ins. Co., 48 Mo. App. 1; Lochner v. Ins. Co., 17 Mo. 247; Mers v. Ins. Co., 68 Mo. 127; Ins. Co. v. Barnett, 73 Mo. 364; Roberts v. Ins. Co., 26 Mo. App. 92; Lama v. Ins. Co., 51 Mo. App. 447; A. O. U. W. v. Sater, 44 Mo. App. 445; Scheele v. Lodge, 63 Mo. App. 277; White v. Ins. Co., 4 Dill. 177; Wheaton v Ins. Co., 9 Am. St. Rep. (Cal.) 216; Bacon on Ben. Soc., p. 190, chap. 6; Dwight case, same book, par. 229; Boyle v. Northw. M. R. Ass'n., 26 Ins. Law Journal (Wis.) 728; Clark on Contr., pars. 163, 166.

*James M. Wilson* for respondents.

(1)   Section 5849, Revised Statutes 1889, relating to misrepresentations, has application in this case, and the distinction attempted to be made by appellant between representation and warranties under this statute is not recognized by the decisions.    Jacobs v. Ass'n, 142 Mo. 49; s. c., 146 Mo. 523; Thassler v. Ins. Co., 67 Mo. App. 508.    (2)   The answer contains no allegation that defendant would not have issued the policy had it known the real state of the facts respecting which the answers were made.    Nor does the answer contain nor the evidence disclose that any such misstatements in any way contributed to the issuance of the policy.    Christian v. Ins. Co., 143 Mo. 464.

ELLISON, J.—Plaintiffs by their guardian sued defendant on a life policy of insurance issued on the life of Mattie Deane.    They recovered judgment in the circuit court.

The defense is based on a breach of warranties made to defendant by the deceased.    These warranties relate principally to the deceased's condition of health and whether she was or had been afflicted with certain dangerous diseases and whether she had been treated by physicians for such diseases. The court refused all of defendant's instructions on this subject as offered.    The court gave one embodying the general hypothesis of defendant's defense, but qualified it by adding the following thereto:   "Provided the jury further believe from the evidence that the matters so misrepresented did actually contribute to the contingency or event on which the policy was to become due and payable, namely, the death of said Mattie Deane."    This qualification made by the court was based on the provisions of section 5849, Revised Statutes 1889, and the question involved by this appeal is the application of the statute, which reads as follows:

"No misrepresentation made in obtaining or securing a

policy of insurance on the life or lives of any person or persons shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and whether it so contributed in any case shall be a question for the jury."

The defendant's claim is that the misrepresentation contemplated by the statute does not include a warranty. In our opinion the point is not well taken. The statute uses the term so as to include a misrepresentation which is warranted to be true. We so recognized it in Thassler v. Ins. Co., 67 Mo. App. 505, though no specific ruling was made on the point. It has since been recognized, if not distinctly ruled, by the Supreme Court in Jacobs v. Ins. Co., 146 Mo. 523, 541.

2. The point is made in the brief that the misrepresentations were willful and designedly fraudulent by reason whereof defendant was induced to enter into the contract; thus seeking to bring the case within the terms of Ashford v. Ins. Co., 80 Mo. App. 638. This point was not raised by the pleadings or at the trial and can not now be considered. This case, in this respect, is governed by Christian v. Ins. Co., 143 Mo. 460, where the question of fraud inducing the action of the insurance company was not pleaded.

The judgment will be affirmed. All concur.