TIMOTHY LAVIN, Appellant, v. EMPIRE LIFE IN-
SURANCE COMPANY, Respondent.

**St. Louis Court of Appeals, April 28, 1903.**

Insurance, Life: MISREPRESENTATIONS: CONDITION PRECED-
ENT: DEPOSIT. Under the provisions of Revised Statutes 1899,
section 7891, in suits brought upon life policies, no defense based
upon misrepresentations made to obtain such policy, shall be valid
unless the defendant shall, at or before the trial, deposit in the
court for the benefit of the plaintiff, the amount of the premiums
received on such policies.

Appeal from St. Louis City Circuit Court.—*Hon. Wm.
Zachritz,* Judge.

REVERSED AND REMANDED.

*James J. O'Donohoe* for appellant.

(1)   The charge that the assured made false state-
ments in his application for the policy in dispute is not
sustained, and, even if it were, it is still incontestable
that, unless the matter represented shall have actually
contributed to the contingency on which the policy is
to become due, it is not deemed material.   Sec. 7890,
R. S. 1899.   And the respondent can not defend on that
ground since it has not deposited in court for the ben-
efit of plaintiff the premiums received on the policy in
question.   Sec. 7891, R. S. 1899; Floyd v. Ins. Co., 72
Mo. App. 461; Thauler v. Mut. Life Assn., 67 Mo. App.
505; Jacobs v. Omaha Life Assn., 142 Mo. 49.   (2)
Even if misrepresentations appeared in this case, still
it was absolutely essential for respondent to plead and
prove that the policy would not have been issued had the
respondent known the real state of facts.   Christian
v. Ins. Co., 143 Mo. 465.   (3)   Laws 1897, p. 129, makes
companies doing business on the assessment plan sub-

ject to section 7890, Revised Statutes 1899, and to section 7891, Revised Statutes 1899. So that with respect to misrepresentations and to deposit of premiums in court for the benefit of plaintiff, it is and was, when the policy in question was issued, unimportant whether the respondent was doing business on the assessment plan or as an old line company. Sec. 7910, R. S. 1899.

*George E. Egger* for respondent.

(1) But, even if this were not the case, section 7890, Revised Statutes 1899, could not apply in this case, for the reason that the policy, as well as the application, makes the answers propounded in the application warranties. Ashford v. Life Ins. Co., 80 Mo. App. 638; Aloe v. Mutual Reserve, 147 Mo. 561; Linz v. Mass. Mutual Life, 8 Mo. App. 364. (2) If section 7890, Revised Statutes 1899, does not apply to this case, for the same reason section 7891, Revised Statutes 1899, relating to premium tender, does not apply.

BLAND, P. J.—The suit was on a policy of life insurance, dated March 8, 1900, for $1,000, issued by the defendant, a New York corporation, on the life of Edward McGuire, payable to his estate. The defense was that the policy was procured by false and fraudulent representations made by McGuire, in respect to the condition of his health and in respect to his habits at and prior to the date of his application for the insurance and in respect to having obtained other insurance on his life, and for breach of warranties contained in the policy in respect to the same matters.

The issues were submitted to the court sitting as a jury. No declarations of law were asked or given, neither was there a special finding of the facts. The court found the issues for the defendant. In this state of the case the only question for review here is, whether or not there is substantial evidence in the record to support the finding of the court.

The plaintiff made proof that the policy was assigned by McGuire to him a short time after it was issued, for a consideration in excess of the face value of the policy and by the consent of the defendant company.

It was admitted that proofs of loss had been duly made.

For the defendant it was shown that the assured represented and warranted that he had not been an inmate of any hospital, and that he never had any local disease or infirmity; that his habits were sober and temperate; that he did not use ardent spirits, wine or malt liquors, except beer, which he drank with his meals.

The defendant introduced evidence, which was not contradicted, that McGuire was admitted as an inmate of the City Hospital in St. Louis, September 11, 1899, and that at that time he was suffering from alcoholism, malaria and chronic Bright's disease, but only remained five or six days in the hospital and was discharged at his own request; that he was again admitted to the same hospital on November 6, 1899, suffering with the same diseases as before, and syphilis, and remained in the hospital as a patient for about nineteen days, and was not cured but his condition was somewhat improved and he was again discharged at his own request; that at the time he made his application for the insurance, he had a policy on his life for $500 in the Prudential Life Insurance Company, of Newark, New Jersey, which policy was paid after his death to his assignee and the holder of the policy.

In respect to his habits, the evidence on the part of plaintiff is, that he had been for several years prior to 1900, an habitual drunkard, and continued in this habit until about the time of his death, which occurred at St. Mary's Hospital, city of St. Louis, January 6, 1902.

In rebuttal plaintiff offered evidence tending to show that McGuire was not addicted to the excessive use of alcoholic liquors, wine or beer, but that he only took an occasional drink and was not very often drunk,

"drunk only occasionally, about like the average man of his class."

The evidence is that Bright's disease is an incurable one. It is not made clear by the evidence, of what disease McGuire died. One witness said he died of consumption. His age at the time of his death was about thirty-nine years.

The defendant is a foreign corporation doing business in this State on the assessment plan and is by virtue of section 7910, Revised Statutes 1899, subjected to the provisions of sections 7890 and 7891, of the general insurance laws of the State. These sections are as follows:

"Sec. 7890. No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this State, shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and whether it so contributed in any case, shall be a question for the jury.

"Sec. 7891. In suits brought upon life policies, heretofore or hereafter issued, no defense based upon misrepresentation in obtaining or securing the same shall be valid, unless the defendant shall, at or before the trial, deposit in court for the benefit of the plaintiffs, the premiums received on such policies."

Plaintiff, at the trial, proved by the receipts of defendant that he had paid, in assessments on the policy, the sum of $41.25. This sum, nor any sum of money, was deposited in court by the defendant for the use of plaintiff. Hence, the defense of misrepresentation in obtaining the policy was not available to the defendant. Whether the misrepresentations were innnocent or fraudulent, or were made warranties by the terms of the policy, to avail itself of this defense and to make it effectual, defendant was required to deposit the amount it had received in court for the benefit of plaintiff and to

prove to the satisfaction of the trier of the facts that the misrepresentations contributed to the death of McGuire. It satisfied the court as to the latter fact, but that was not enough. It should have made the deposit the statute requires. The making of this deposit was a prerequisite to its right to make the defense that the policy was obtained by fraudulent misrepresentations. Kern v. Legion of Honor, 167 Mo. 471; Thassler v. Mut. Life Ass'n., 67 Mo. App. 505; Floyd v. Prudential Ins. Co., 72 Mo. App. 455.

The judgment is reversed and the cause remanded. *Reyburn* and *Goode, JJ.,* concur.