# EDWARD VEASMAN, Respondent, v. LOIS MUTUAL AID ASSOCIATION, Appellant.*

### Springfield Court of Appeals, May 12, 1924.

1. **INSURANCE: Assessments: Forfeitures Frowned Upon; Legal Assessment Must be Shown Before Insurer Could Forfeit Policy for Nonpayment of Assessment.** Such an important matter as the levy of an assessment should not depend for establishment upon evidence other than the records. The law frowns upon forfeitures, and before insurer could forfeit insured's policy for failure to pay an assessment or levy, it must show that the assessment was legally made, that is, made according to the strict letter of its constitution and by-laws; *held* that insurer failed to make such showing.

2. ———: **Constitution and By-Laws Held not Part of Contract.** Where constitution and by-laws of insurer, incorporated under what is now sections 6464 et seq., Revised Statutes 1919, providing that it would make good three-fourths of all losses by fire or lightning, were not made a part of insured's policy by reference or otherwise, they formed no part of the contract.

3. ———: **Insured Could Prove Loss of Interest in Cow, Although not Sole Owner.** Where insurer's constitution provides that if the holder of the policy is not the sole and unconditional owner of the insured property the policy shall be void, and was not made a part of the insurance contract, insurer cannot complain because insured was permitted to prove the loss of his interest in a cow of which he was not the sole and unconditional owner.

*Headnote 1. Fire Insurance, 26 C. J., sections 759, 342, 337; 2. Fire Insurance, 26 C. J., section 78; 3. Fire Insurance, 26 C. J., section 78.

Appeal from Circuit Court of Phelps County.—*Hon. W. E. Barton*, Judge.

AFFIRMED.

*Hon. Frank H. Farris* for appellant.

(a) The court permitted the plaintiff to offer testimony that it was the habit and custom of certain policy holders to pay their assessments and dues to one Ben Branson, who sent the money in to the company, on the theory that such testimony established his agency for the defendant, and his authority to collect the money, and that when the money was paid to him, it was payment to the company. This testimony was objected to by the defendant, and was admitted over defendant's objections. See pages 7, 33, 35, 37, 38, 39, 45, 50, 51 and 63, of the original bill of exceptions. Diel v. Railway Co., 37 Mo. App. 458; Watson v. Race, 46 Mo. App. 551. "The scope of an agent's authority cannot be shown by his unauthorized declarations, or unauthorized acts." Alt v. Grosclose, 61 Mo. App. 412. "The agent cannot prove agency by his own acts or declarations, or by what passed between him and third parties in the absence of defendant's officers." Lowry v. Mining Co., 65 Mo. App. 272. (b) "Defendant is not to be affected by some one's unknown assumption of the character of his agent." Hackett v. VanFrank, 105 Mo. App. 396; McGraw v. O'Neil, 123 Mo. App. 700; National Bank v. Morris, 125 Mo. 350. (c) Section 15 of the Constitution and by-laws, as proven by the plaintiff, and the full text of which was offered by defendant, original bill of exceptions, pages 76 and 77, provides that if the assured be not the unconditional and sole owner of the property, that the insurance shall be void. Tebeau v. Fire Insurance Co., 197 S. W. 131; Terminal Ice & Power Co. v. Insurance Co., 194 S. W. 722; Turner v. Home Insurance Co., 189 S. W. 626. (d) The pleadings determine the issues, and no evidence is admissible except such as touch these issues; and the instructions of the court are limited to the issues raised by the pleadings, and these issues can neither be broadened by the evidence nor by instructions. And it is reversible error for the court to permit them to be broadened either by the evidence or by its instructions. McKenzie v. Randolph, 238 S. W. 829, and cases cited; Champion Coated Paper Co. v. Shilkee, 237 S. W. 109; Mould v. Boehmer Coal Co., 237 S. W. 201; Clark v. Kan-

sas City Light and Power Co., 223 S. W. 988; Lorton et al. v. Trail, 216 S. W. 54, and cases cited; Shellenberger v. Hill, 216 S. W. 543; Zasemowich v. American Mfg. Co., 213 S. W. 802 and 803, and cases cited; State ex rel. v. Ellison, 270 Mo. 645, 195 S. W. 723; Degonia v. Railroad, 224 Mo. 564 and 589, 123 S. W. 807. (e) The by-laws and Constitution as amended provided that failure to pay annual dues or assessments within thirty days after notice, forfeited the rights under the policy. Plaintiff was in such default, and his policy was forfeited. Smith et al. v. Sovereign Camp, 179 Mo. 133 to 135; Day v. Woodman Circle, 174 Mo. App. 269. But if the assessments were not properly levied, and were void, yet he was in default of his annual dues fixed by the constitution, and this voided his insurance. (f) The plaintiff being a member of the defendant company, he stood in the position of both insurer and insured; and he was bound by the acts of the defendant's officers within the scope of their authority; and he could not take advantage of their acts as such. 22 Cyc., 411 and 412, 413, and 414; Allen v. Life Association, 8 Mo. App. 53 and 54; Schrick v. St. Louis Mutual House Building Company, 34 Mo. 423.

*J. R. Kirkham, Leslie B. Hutchison* and *Lorts & Breuer* for respondent.

(a) It is true that the declarations of a person cannot be proved to establish his agency, but it is also true that a witness may testify to facts and circumstances which themselves establish agency, and this is what the witness did testify to. Supply Co. v. Metcalf, 174 Mo. App. 558; City v. Fisher, 60 Mo. App. 511; Christian v. Smith, 85 Mo. App. 117; Griswold v. Haas, 145 Mo. App. 578; State ex rel. Fleming v. Henderson, 86 Mo. App. 482; Aetna Insurance Co. v. Ladd, 135 Fed. 636. (b) The only exception to the above rule is to be found in the case of husband and wife, the one testifying for the other, in which case defendant's contention would be correct, that is, that the agency would first have to be proven by other evidence before the agent's evidence

would be admissible. Deane Pump Co. v. Green and Clark, 31 Mo. App. 269; Stimson v. Lancaster, 178 Mo. App. 345. (c) The evidence shows that Ben Branson had been for a number of years holding himself out to the policy-holders in the community where plaintiff lived as the agent of appellant, collecting dues, assessments, taking applications, appraising losses, and transacting such business as the company had in that community, and the appellant, on different occasions, acquiesced in this, the acts of the agent Branson, and it now, after the respondent has had a loss, does not lie in appellant's mouth to deny, for the first time, the agency of Ben Branson. Under this evidence plaintiff contends the agency of Ben Branson was clearly established. Elliott on Insurance, pages 131-132; Deane Pump Co. v. Green and Clark, 31 Mo. App. 271; Edwards v. Thompson, 66 Mo. 482; Johnson v. Hurley, 115 Mo. 520; Rice v. Graffman, 56 Mo. 434. (d) An agency may be implied from his conduct and acquiesence, and the nature and extent of the agent's authority may be implied from circumstances, but will be limited to acts of like nature with those acquiesced in by the principal. Cummons v. Hurd, 49 Mo. App. 145; Mitchum v. Dunlap, 98 Mo. App. 419. (e) Before the plaintiff could be found by the by-laws and constitution same would have to be made a part of his policy. Goodson et al. v. A. T. Mas. Assoc., 91 Mo. App. 339; Elliott v. Safety Fund Iife Association, 76 Mo. App. 566; Lee v. Mo. St. Life Insurance Co., 238 S. W. 858. In the latter case the court said: "In determining whether an insurance contract is one on the assessment plan, the articles of incorporation and the by-laws of the company are not to be considered unless they are made a part of the policy." (f) A partner, where insuring partnership property in his own name without any stipulation or understanding that the insurance is for the benefit of the firm or of the co-partnership is presumed to have insured only his own interest in the property. 26 C. J., sec. 83, age 86. (g) Plaintiff is not bound by anything except what is contained in his policy. Goodson v. National Mas. Association, 91 Mo. App. 339; Elliott v.

Safety Fund Life Association, 76 Mo. App. 562. (h) Without a strict compliance with the provision of this section there could be no valid assessment, and the court was warranted in giving instruction Number 2 on behalf of the plaintiff. Pac. Mut. Ins. Co. v. Guse, 49 Mo. 329; Settle v. Insurance Association, 150 Mo. App. 528; Wayland v. Indemnity Company, 166 Mo. App. 221; Erna v. Modern Woodmen of America, 79 Mo. App. 385; Hannum v. Waddill, 135 Mo., l. c., 3rd par. 161; Agnew v. A. O. U. W., 17 Mo. App., l. c., 256; Volume 26 C. J., Sec. 124, page 18. (i) And if the company, by its conduct, has induced him to fall into the habit of delaying the payment beyond the time which the company's law calls the day of suspension, it cannot without warning to him of a change in its business conduct, inflict the penalty of suspension on him. Courtney v. St. Louis Police Relief Association, 101 Mo. App. 269; Hopkins v. Modern Woodmen of America, 94 Mo. App. 402. (j) The court further said in the same opinion that the general rule was that: "If the company has by its course of conduct, acts or declarations, misled the insured in any way in regard to the payment of premiums or created a belief on the part of the insured, that strict compliance with the letter of the contract as to the payment of the premiums on the day stipulated will not be exacted, and the insured in consequence, fails to pay on the day appointed, the company will be held to have waived the requirements to pay on the day appointed. Mueller v. Grand Grove, 69 Minn. 236; Richwine v. LaCrosse, 76 Minn. 417; Jones v. Preferred, 120 Mich. 211. (k) We here wish to call attention to the undisputed fact that the payment of all assessments claimed to have been made against plaintiff had already been made by plaintiff to Ben Branson, who, the evidence, facts and circumstances show, was the authorized agent of defendant, and if payment was made to him as defendant's agent, this amounted to payment to defendant. 10 Ency. of Evidence, page 33; Quinn v. Dresbach, 75 Cal. 150; Bronson v. Chappell, 12 Wall. 681; Wilson v. LaTour, 108 Mich. 547.

BRADLEY, J.—This is an action on a fire insurance policy. The cause was filed in Maries county and went on change of venue to Phelps county, where it was tried before the court and a jury. Verdict and judgment went for plaintiff and defendant appealed.

The policy sued on was for $1000 and was issued on September 2, 1919, for a period of eleven years from August 29th, the date of the application, and covered loss, by fire or lightning, on grain to the amount of $500, on horses, mules and colts to the amount of $250, and on cattle to the amount of $250. February 11, 1921, plaintiff sustained a loss by fire on horses, cattle and grain covered by the policy. Appraisement was had, and defendant declined to pay, and this suit followed, resulting in a verdict for the loss on horses to the amount of $250, on cattle to the amount of $150, and on grain to the amount of $277.40, a total of $677.40, for which judgment was given.

The defense pleaded that the time of plaintiff's loss his policy was lapsed for failure to pay dues and assessments. The reply is a general denial and a plea of waiver.

Defendant makes several assignments, but it is not necessary to consider but three: (1) Failure to give at the close of the case defendant's instruction in the nature of a demurrer; (2) the giving and refusal of instructions, and (3) the admission of evidence.

The first assignment is bottomed on the contention that plaintiff's policy, at the time of his loss, was lapsed for failure to pay dues and assessments. Plaintiff's position with respect to this contention is, first, that the assessments claimed to be delinquent were not legal, and that, therefore, he was not delinquent, and, second, if the disputed assessments were legal, he had in fact paid together with all dues in due time to an authorized agent of defendant. The controversy between plaintiff and defendant related entirely to the assessments for September and December, 1920, amounting to $1.95 each, and we shall confine our attention to the controversy as presented. Something is said about some dues for June,

1920, but no stress of consequence is put upon this point. Were these assessments legally made? Plaintiff contends that they were not, and bases his contention on the ground that these assessments were not made in ac-cordance with defendant's constitution and by-laws. The September assessment was assessment No. 13, and the December assessment was assessment No. 14. N. W. Satterfield, president of defendant, testified that there was no resolution authorizing either assessment 13 or 14, and that he did not know of any record being made of these assessments or either of them, but that the assessments were in fact ordered by the board of directors. The secretary kept an assessment book which contained the names of the members of the association, their address, the number and amount of their policies, amount of dues and assessments, date when levied, and number of assessment. The secretary, when a member paid, wrote the word "paid" after the amount of the assessment. No date as to when a member paid was given. It also appears that *at some time,* when a member failed to pay, the secretary wrote "not paid" after the member's name. A page of this assessment book for assessment No. 13 appears in the record and it shows two names after which there is neither "paid" nor "not paid."

After plaintiff's name "not paid" appears, but when entered is not shown. The "not paid" appears also after plaintiff's name for assessment No. 14. No resolution or record authorized assessments numbers 13 and 14, yet the secretary extended them on the assessment book.

Section 20 of defendant's constitution so far as pertinent is as follows: "Immediately upon the allowance of a claim the board of directors shall impartially levy upon all members of the association according to the amount of benefit nominated in his certificate of membership, such amount as is necessary to pay the claim."

Section 5 of defendant's constitution makes it "the duty of the secretary to keep a record of all the proceedings of the association and its board of directors in a well-bound book." Such an important matter as the

levy of an assessment should not depend for establishment upon evidence other than the records. The law frowns upon forfeitures, and before defendant could forfeit plaintiff's policy for failure to pay an assessment or levy, it must show that the assessment was legally made, that is, made according to the strict letter of its constitution and by-laws. Defendant failed to make such showing. [Stubbins v. State Farmers' Mutual Ins. Co., 229 S. W. (Mo. App.) 407; Logan v. Farmers Mutual Fire Ins. Co., 226 S. W. (Mo. App.) 615, and cases there cited.] Defendant cites Burchard v. Western Travelers Assn., 139 Mo. App. 606, 123 S. W. 973, to support its contention that under the facts plaintiff cannot complain because the constitution and by-laws were not observed in making the alleged delinquent assessments. This case does not support such contention. The general rule there announced is the same as was observed and followed in the cases which we have cited; and the Burchard Case was cited in the Logan Case, supra, as an authority for the conclusion there reached. The disposition of the first phase of the peremptory request makes it unnecessary to consider the second. Such request was properly refused.

It is not necessary to consider the assignment based on the instructions except as to instruction D requested by defendant and refused. This instruction was to the effect that plaintiff, if he recovered, could recover only three-fourths of the value of the property destroyed. Sec. 21 of defendant's constitution provides: "This association will make good three-fourths of all losses by fire or lightning." Plaintiff's policy provides: "And we do further promise that when the property aforesaid, or any part thereof, shall happen to be injured by fire or lightning such damage shall be made good according to the estimate thereof, or repaired or put in as good condition as the same was before the fire or lightning happened." Defendant's constitution and by-laws were not made a part of plaintiff's policy by reference or otherwise, and therefore formed no part of the contract. [Goodson et al. v. Nat. Masonic Accident Assn., 91 Mo.

App. 339; Elliott v. Safety Fund Life Assn., 76 Mo. App. 562; Lee v. Mo. State Life Ins. Co., 238 S. W. (Mo. App.) 858.] Defendant was incorporated under what is now sections 6464 et seq., Revised Statutes 1919. There is nothing in this statute or any other which prohibits defendant from insuring in excess of three-fourths of the value of the property insured. Instruction D was properly refused.

Defendant also complains because plaintiff was permitted to prove the loss of his interest in a cow of which he was not the sole and unconditional owner. The constitution provides that if the holder of the policy is not the sole and unconditional owner of the insured property the policy shall be void. As pointed out above defendant's constitution was not made a part of the insurance contract, and it cannot complain.

The judgment should be affirmed and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.